MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
MONIQUE JEWETT-BREWSTER, SBN 217792
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Email: macclaw@macbarlaw.com

Attorneys for Plaintiff,
JANINA M. HOSKINS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS,<br><br>Debtors.<br><br>_____<br><br>JANINA M. HOSKINS, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>POOK SNOOK DOOK LIMITED PARTNERSHIP, a purported limited partnership; CARL A. WESCOTT and MONETTE R. STEPHENS, as Trustees of the WESCOTT-STEPHENS FAMILY TRUST aka POOK SNOOK DOOK TRUST; LODMELL & LODMELL, P.C., a Professional corporation;<br><br>Defendants.<br>_____ | Case No. 12-30143 DM<br><br>(Chapter 7)<br><br>A.P. No. _____<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER**S |

/ / /

Plaintiff alleges:

## JURISDICTION AND VENUE

1. On January 17, 2012, Debtors Carl Alexander Wescott and Monette Rosemarie Stephens filed their joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court. Thereafter, Janina M. Hoskins was duly appointed as Chapter 7 Trustee in Bankruptcy therein.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 548. This matter is a "core proceeding" as defined by 28 U.S.C. § 157(b)(2)(A), (H), and (O). Alternatively, Plaintiff consents to final judgment of the Bankruptcy Court pursuant to the provision of 28 U.S.C. § 157(c)(2). Venue is proper here pursuant to the provisions of 28 U.S.C. § 1409.

## PARTIES

3. Plaintiff Janina M. Hoskins is the duly appointed Chapter 7 Trustee of the Estate of Carl Alexander Wescott and Monette Rosemarie Stephens. Plaintiff does not have personal knowledge of the facts alleged in this Complaint that arose prior to her appointment, and therefore alleges all of those facts on information and belief. Plaintiff reserves her right to amend this Complaint to allege additional claims against Defendants which may be discovered by her ongoing investigation.

4. Defendant Pook Snook Dook Limited Partnership is a purported limited partnership allegedly organized under the laws of the State of Arizona, and at all relevant times under the control of the Debtors and doing business in the State of California.

5. Defendants Carl A. Wescott and Monette R. Stephens are the purported Trustees of the Wescott-Stephens Family Trust also known as the Pook Snook Dook Trust, dated June 5, 2010, and are sued herein in that capacity.

6. Plaintiff is informed and believes and on that basis alleges that Defendant Lodmell & Lodmell, P.C., is a professional corporation organized and existing under the laws of the State

of Arizona and engaged in the practice of law, specifically purporting to be "...the nation's leading legal asset protection lawyers...". Plaintiff is further informed and believes and on that basis alleges that, notwithstanding the fact that no attorney at Defendant Lodmell & Lodmell P.C. is licensed to practice law in the State of California, Defendant Lodmell & Lodmell P.C. aggressively solicits clients throughout the United States, including California, through a sophisticated internet marketing scheme, regularly represents clients in the State of California, and engages in the unauthorized practice of law in the State of California in that connection.

## GENERAL ALLEGATIONS

7. Commencing no later than 2005, the Debtors engaged in the business of promoting and syndicating various speculative, high-risk, and fraudulent real estate investment schemes. These included extensive highly leveraged land holdings in areas of the North Coast region of California and flawed land development schemes in Uruguay, Honduras, and Ecuador, all still under investigation by the Plaintiff.

8. Virtually all of these investment schemes collapsed, leaving unpaid creditors holding claims against the Debtors in excess of $40,000,000 as of the filing of the petition for relief.

9. Plaintiff is informed and believes and on that basis alleges that the Debtors used a substantial portion of the investor proceeds they raised to make personal investments and maintain a lavish personal lifestyle, including purchases of premium sports tickets, luxury travel, expensive jewelry, and artwork, all of which has allegedly disappeared.

10. Plaintiff is further informed and believes and on that basis alleges that no later than the year 2009, it became apparent to the Debtors that the likely value of their assets was greatly exceeded by the expected amount of their liabilities, and that they would be subject to numerous legitimate 7 and 8 figure claims from defrauded investors and other bona fide creditors.

11. Rather than make a good faith effort to liquidate or reorganize their assets for the benefit of their legitimate creditors, the Debtors embarked on a fraudulent scheme to shield assets

from legitimate creditor claims through a series of bogus transfers and shell entities, concocted in part by the Defendant Lodmell & Lodmell, P.C., who solicited the Debtors in California through slick internet advertising.

12. On or about February 13, 2010, the Debtors executed a document entitled "Transmutation Agreement of Carl Wescott and Monette Stephens" in which they purported to convert all of their community property into the separate property of one spouse or the other, pursuant to the laws of the State of California.

13. On or about June 5, 2010, the Debtors executed a document prepared by Defendant Lodmell & Lodmell, P.C. entitled "Revocable Living Trust" whereby they purported to convey all of their respective assets into the Wescott-Stephens Family Trust and to re-characterize all such assets as community property, pursuant to the laws of the State of California. Plaintiff is informed and believes and on that basis alleges that at some time after June 5, 2010, this Trust was amended, *inter alia,* to change its name to the Pook Dook Snook Trust.

14. Also on or about June 5, 2010, the Debtors, with the assistance and advice of Defendant Lodmell & Lodmell, P.C., purported to organize Defendant Pook Snook Dook Limited Partnership, "an Arizona Asset Management Limited Partnership". Initially the Debtors named themselves as general partners and named the Wescott-Stephens Family Trust as the "primary beneficiary" of that entity.

15. On our about September 10, 2010, with the assistance and advice of Defendant Lodmell & Lodmell, P.C., the Debtors conveyed various valuable assets to Defendant Pook Snook Dook Limited Partnership, including assets previously conveyed to themselves as Trustees of the Wescott-Stephens Family Trust. On April 11, 2011, again with the assistance and advice of Defendant Lodmell & Lodmell, P.C., the Debtors further concealed their beneficial interest in these assets by amending the certificate of limited partnership of Pook Dook Snook Limited Partnership to name a shell Nevada limited liability company, Ivy League Charters, LLC, as the new general partner and the Pook Snook Dook Trust as the 97% limited partner.

## FIRST CLAIM FOR RELIEF
(Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(A))
(Against All Defendants Except Lodmell & Lodmell, P.C.)

16. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 15, inclusive.

17. On or about September 4, 2010, a date within two years before the petition date, the Debtors voluntarily transferred various valuable assets to Defendant Pook Snook Dook Limited Partnership and/or the Wescott-Stephens Family Trust, including without limitation the assets shown on the attached Exhibits 1 & 2.

18. The Debtors made these transfers with the actual intent to hinder, delay or defraud their then-existing and future creditors.

19. The Debtors' actual fraudulent intent is inferred from the presence of a number of the so-called "badges of fraud". These include the facts that (a) Defendant Pook Snook Dook Limited Partnership is wholly owned beneficially by the Debtors, (b) the Debtors were being pursued by a number of creditors at the time of the transfers, (c) the Debtors make the transfers as part of an admitted "asset protection" scheme, (d) the Debtors were insolvent at the time of the transfers, (e) the Debtors concocted various layers of shell entities to conceal their beneficial ownership in the Pook Snook Dook entity, including registering a shell, defunct Nevada corporation as the general partner, and (f) there was wholly inadequate consideration for the transfers.

20. Plaintiff is therefore entitled to have these transfers avoided pursuant to the provisions of 11 U.S.C. § 548(a)(1)(A), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

///
///
///

## SECOND CLAIM FOR RELIEF
(Avoidance of Constructively Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))
(Against All Defendants Except Lodmell & Lodmell, P.C.)

21. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 20, inclusive.

22. On or about September 4, 2010, a date within two years before the petition date, the Debtors voluntarily transferred various valuable assets to Defendant Pook Snook Dook Limited Partnership and/or the Wescott-Stephens Family Trust, including without limitation the assets shown on the attached Exhibit 1.

23. The Debtors received less than a reasonably equivalent value in exchange for these transfers.

24. The Debtors were insolvent at the time of these transfers, or were rendered insolvent as a result of these transfers.

25. At the time of these transfers, the Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital.

26. At the time of these transfers, the Debtors intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

27. Plaintiff is therefore entitled to have this transfer avoided pursuant to the provisions of 11 U.S.C. § 548(a)(1)(B), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM FOR RELIEF
(Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(A))
(Against Defendant Lodmell & Lodmell, P.C.)

28. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 27, inclusive.

29. Plaintiff is informed and believes and on that basis alleges that sometime after

January 17, 2010, a date within two years before the petition date, the Debtors voluntarily transferred to Defendant Lodmell & Lodmell, P.C., a sum in excess of $20,000.00.

30. The Debtors made this transfer with the actual intent to hinder, delay or defraud their then-existing and future creditors, and specifically to perpetrate their unlawful debt avoidance scheme as alleged herein.

31. The Debtors' actual fraudulent intent is inferred from the presence of a number of the so-called "badges of fraud". These include the facts that (a) the Debtors were being pursued by a number of creditors at the time of the transfer, (c) the Debtors make this transfer as part of an admitted "asset protection" scheme, (d) the Debtors were insolvent at the time of the transfer, and (e) there was wholly inadequate consideration for the transfer.

32. Plaintiff is therefore entitled to have this transfer avoided pursuant to the provisions of 11 U.S.C. § 548(a)(1)(A), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

FOURTH CLAIM FOR RELIEF
(Avoidance of Constructively Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))
(Against Defendant Lodmell & Lodmell, P.C.)

33. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 32, inclusive.

34. Plaintiff is informed and believes and on that basis alleges that sometime after January 17, 2010, a date within two years before the petition date, the Debtors voluntarily transferred to Defendant Lodmell & Lodmell, P.C., sums in excess of $20,000.00.

35. The Debtors received less than a reasonably equivalent value in exchange for this transfers. Specifically, the Debtors paid these monies for purported legal services, which legal services constituted (1) the unauthorized practice of law in the State of California and (2) advice and assistance to the Debtors in the commission of a crime; to wit, a violation of California Penal

Code Section 531.

36. The Debtors were insolvent at the time of this transfer.

37. At the time of this transfer, the Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital.

38. At the time of this transfers, the Debtors intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

39. Plaintiff is therefore entitled to have this transfer avoided pursuant to the provisions of 11 U.S.C. § 548(a)(1)(B), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FIFTH CLAIM FOR RELIEF
(Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 544)
(Against Defendant Lodmell & Lodmell, P.C.)

40. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 38, inclusive.

41. Among the rights and powers of Plaintiff as the duly appointed Trustee in Bankruptcy of the Debtors are all of the avoidance rights of actual creditors of the Debtors existing as of the filing of the petition for relief and all of the rights and powers of hypothetical execution and judgment lien creditors of the Debtors as of the filing of the petition for relief.

42. Plaintiff is informed and believes and on that basis alleges that sometime after January 17, 2010, a date within two years before the petition date, the Debtors voluntarily transferred to Defendant Lodmell & Lodmell, P.C., a sum in excess of $20,000.00.

43. The Debtors made this transfers with the actual intent to hinder, delay or defraud their then-existing and future creditors, and specifically to perpetrate their unlawful debt avoidance scheme as alleged herein.

44. The Debtors' actual fraudulent intent is inferred from the presence of a number of

the so-called "badges of fraud". These include the facts that (a) the Debtors were being pursued by a number of creditors at the time of the transfer, (c) the Debtors make this transfer as part of an admitted "asset protection" scheme, (d) the Debtors were insolvent at the time of the transfer, and (e) there was wholly inadequate consideration for the transfer.

45. Defendant Lodmell & Lodmell, P.C. acted wilfully, fraudulently, and maliciously in counseling the Debtors regarding this transfer and in encouraging the Debtors to enact this fraudulent "asset protection" scheme. Among other things, Defendant Lodmell & Lodmell engaged in the unauthorized practice of law in the State of California and counseled the Debtors in the commission of a crime; to wit, a violation of California Penal Code Section 531.

46. There exist actual and hypothetical lien creditors with the rights and powers under the laws of the State of California to avoid this transfer and to recover exemplary and punitive damages against Defendant Lodmell & Lodmell, P.C., pursuant to the provisions of California Civil Code Section 3294

47. Plaintiff is therefore entitled to have this transfers avoided pursuant to the provisions of 11 U.S.C. § 544, and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551, and to recover punitive and exemplary damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order avoiding the transfers set forth in Exhibits 1 & 2, and preserving these transfers for the benefit of the Estate;

2. For an award of compensatory money damages against Defendant Lodmell & Lodmell, P.C., in the amount of not less than $20,000.00, according to proof, plus interest thereon at the legal rate;

3. For an award of punitive and exemplary damages against Defendant Lodmell & Lodmell, P.C., according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

Dated: May 18 , 2012          MACCONAGHY & BARNIER, PLC


 /s/ Jean Barnier
By: Jean Barnier
Attorneys for Plaintiff