Form ODIS

**Entered on Docket**
**May 22, 2012**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In Re:
Carl Alexander Wescott and Monette Rosemarie Stephens   Case No.: 12–30143 Chapter: 7
Debtor(s)

Janina M. Hoskins
Plaintiff(s)                                          Adversary Proceeding No. 12–03086
vs.
Pook Snook Dook Limited Partnership et al.
Defendant(s)

## ORDER RE INITIAL DISCLOSURES AND DISCOVERY CONFERENCE

The purpose of this order is: (1) to notify the parties of their obligation under Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, to make Initial Disclosures and meet for a Discovery Conference; and (2) to modify those Rule 26 requirements in certain respects. As such, this order has no effect in any proceeding exempted under Rule 26(a)(1)(E) and (f) from the Initial Disclosure and Discovery Conference requirements.

**1. The Discovery Conference.** At least 21 calendar days before the status conference scheduled in the summons, the parties shall confer (in person or by telephone) at a "Discovery Conference." Plaintiff shall initiate contact regarding arrangement of the Discovery Conference. Defendant shall cooperate in fixing the time and place of the Discovery Conference. Except to the extent the parties stipulate otherwise, no party shall initiate or conduct any formal discovery prior to the Discovery Conference. The parties may conduct informal discovery.

**2. Settlement.** At the Discovery Conference, the parties shall consider the nature and basis of their claims and defenses and the possibility of an early settlement. The parties shall also discuss ADR options, as required by B.L.R. 9040–3.

**3. Initial Disclosures.** At the Discovery Conference, the parties shall arrange to make the "Initial Disclosures" required by Rule 26(a), without necessity of a formal discovery request. The Disclosures shall be made at or within 14 calendar days after the Discovery Conference. All disclosures shall be in writing, signed by the party or his or her attorney, and served on all other parties.

**4. Discovery Plan.** Unless:
(a) the proceeding is exempt under Rule 26(f);
(b) the proceeding seeks to recover money or property, or except a debt from discharge pursuant to 11 U.S.C. §523(a), of no more than $15,000, excluding interest, attorneys, fees, and costs; or
(c) the parties stipulate to the contrary in a writing filed with the court; the parties shall, at the Discovery Conference, also develop a written Discovery Plan signed by all parties or their counsel, that reflects the parties' views and proposals concerning: (i) what changes, if any, should be made in the timing, form, or requirements of the Initial Disclosures; (ii) the timing, subject matter, and limitations, if any, of discovery to be conducted after the initial disclosures; and (iii) the subject of any orders that the court should enter under Fed.R.Bankr.P. 7016(b) and (c) and 7026(a)(1). The Discovery Plan shall be filed within 14 calendar days after the Discovery Conference.

**5. Pretrial Disclosures.** Notwithstanding Rule 26(a)(3), pretrial disclosures shall be made in accordance with further order of the court.

**6. Service hereof.** The summons, complaint, and this order shall be served by the plaintiff within 14 days of the date of this order. A return or proof of service shall be filed within 5 days after service.
SO ORDERED.

Dated: 5/22/12                                      For the Court:

                                                    Gloria L. Franklin
                                                    Clerk of Court
                                                    United States Bankruptcy Court

I certify that a copy of this Order was returned to the plaintiff at the time the original summons was issued.

Dated: 5/22/12                                      Nicole C White
                                                    Deputy Clerk

```
                          United States Bankruptcy Court
                          Northern District of California
Hoskins,
          Plaintiff                                             Adv. Proc. No. 12-03086-DM

Pook Snook Dook Limited Partnership,
          Defendant                    CERTIFICATE OF NOTICE
District/off: 0971-3         User: nwhite              Page 1 of 2         Date Rcvd: May 22, 2012
                             Form ID: pdfeoapc         Total Noticed: 5
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2012.
dft          +Carl A. Wescott,   853 Ashbury Street,   San Francisco, CA 94117-4418
dft          +Lodmell & Lodmell, P.C.,   1631 E. Cheery Lynn,   Phoenix, AZ 85016-7110
dft          +Monette R. Stephens,   853 Ashbury Street,   San Francisco, CA 94117-4418
dft          +Pook Snook Dook Limited Partnership,   853 Ashbury St.,   San Francisco, CA 94117-4418

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust          +E-mail/Text: ustpregion17.sf.ecf@usdoj.gov May 23 2012 02:26:56
              Office of the U.S. Trustee / SF,   Office of the U.S. Trustee,   235 Pine St,   Suite 700,
              San Francisco, CA 94104-2745
                                                                                              TOTAL: 1

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 24, 2012**                    **Signature:**            *Joseph Speetjens*

Case: 12-03086    Doc# 7    Filed: 05/24/12    Entered: 05/24/12 21:56:54    Page 2 of 3

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 22, 2012 at the address(es) listed below:
         Janina M. Hoskins    jmelder7@aol.com, Ca80@ecfcbis.com
         Jean  Barnier    on behalf of Plaintiff Janina Hoskins jbarnier@macbarlaw.com, smansour@macbarlaw.com;macclaw@macbarlaw.com;mjewett-brewster@macbarlaw.com;kmuller@macbarlaw.com
                                                                                       TOTAL: 2