Law Office of Howard L. Hibbard
Howard L. Hibbard
251 Park Road, Suite 800
Burlingame, CA 94010
Tel: 650-347-5010
Fax: 650-347-5010

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re:

Monette Rosemarie Stephens

Carl Alexander Wescott

        Debtor.

Janina M. Hoskins, Trustee

Vs.

Pook Snook Dook Limited, et al

) BANKRUPTCY NO.: 12-03058
) ADVERSARY ACTION 12-03086
) CHAPTER 7
)
) REQUEST FOR HEARING UNDER RULE
) 7055 (B)(2) AND OTHER
) APPLICABLE CODE SECTIONS IF
) TRUSTEE SEEKS IMPUTATION OF
) FRAUD FACTS FROM DEFAULT IN
) THIS ACTION PRECLUDING CHAPTER
) 7 DISCHARGE

TO JANINA M. HOSKINS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE: that debtors' request a hearing under Rule 7055 (b)(2), and other applicable code sections and case law, if Trustee seeks to impute fraud facts from the above

Request for Hearing 7055 (b)(2)- 1

adversary action default which would preclude a Chapter 7 discharge. The Points and Authorities are attached.

Dated: July 12, 2012

                                                 Howard L. Hibbard
                           Law Office of Howard L. Hibbard

permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

### CIVIL RULE:

Federal Rule of Civil Procedure 54(a)–(c), which was last amended effective December 1, 2007, provides:

#### JUDGMENTS; COSTS

(a) DEFINITION; FORM. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.

(b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(c) DEMAND FOR JUDGMENT; RELIEF TO BE GRANTED. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

\* \* \*

### Rule 7055　Default

Rule 55 F. R. Civ. P. applies in adversary proceedings.

### CIVIL RULE:

Federal Rule of Civil Procedure 55, which was last amended effective December 1, 2009, provides:

#### DEFAULT; DEFAULT JUDGMENT

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or

incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

## Rule 7056 Summary Judgment

Rule 56 F. R. Civ. P. applies in adversary proceedings.

## CIVIL RULE:

Federal Rule of Civil Procedure 56, which was last amended effective December 1, 2009, provides:

### SUMMARY JUDGMENT

(a) BY A CLAIMING PARTY. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

(b) BY A DEFENDING PARTY. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) TIME FOR A MOTION, RESPONSE, AND REPLY; PROCEEDINGS

  (1) These times apply unless a different time is set by local rule or the court orders otherwise:

    (A) a party may move for summary judgment at any time until 30 days after the close of all discovery;

    (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

    (C) the movant may file a reply within 14 days after the response is served.

  (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d) CASE NOT FULLY ADJUDICATED ON THE MOTION.

  (1) Establishing Facts. If summary judgment is not rendered on the whole

## ¶ 523.06 Application of Collateral Estoppel in Nondischargeability Actions

Nondischargeability actions frequently involve legal issues that have already been litigated between the parties prior to the bankruptcy case. To avoid the necessity of re-litigating matters already subject to a judicial decision, creditors often seek to apply principles of collateral estoppel, also referred to as "issue preclusion," to bar debtors from re-litigating matters already decided prior to bankruptcy. In *Grogan v. Garner*,[1] the Supreme Court held that collateral estoppel principles apply in bankruptcy cases and can be used in nondischargeability actions to prevent re-litigation of issues already decided. Collateral estoppel has been invoked on numerous occasions to dispose of nondischargeability actions.

Where the issue previously litigated was litigated under federal law, a bankruptcy court will evaluate the effect, if any, of collateral estoppel, by applying federal common law.[2] Where the issue previously litigated was litigated under state law, a bankruptcy court will apply the law of collateral estoppel of the relevant state.[3] The full faith and credit principles of 28 U.S.C. § 1738 require the bankruptcy court to give effect to the state court judgment.[4] This is true even though the federal courts may be vested with exclusive jurisdiction over the subject matter of the litigation. The doctrine of collateral estoppel will be applied as well in bankruptcy proceedings to disputed issues of fact which have been determined by a state agency acting in a judicial capacity in a proceeding in which the parties have had an adequate opportunity to litigate.[5]

A closer question arises when the matter at issue was not fully litigated in the previous judicial action. One element generally considered necessary for invoking collateral estoppel is that the issue in question must have been actually litigated in the prior action. Most courts have thus been reluctant to invoke collateral estoppel where the debtor did not fully participate in the prior litigation or where a default judgment had been entered against the debtor.[6] Some courts have nonetheless applied collateral

---

¶ 523.06

[1] 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755, 24 C.B.C.2d 1 (1991).

[2] *E.g.*, Peloro v. United States, 488 F.3d 163 (3d Cir. 2007).

[3] Gayden v. Nourbakhsh (*In re* Nourbakhsh), 67 F.3d 798 (9th Cir. 1995); Rally Hill Productions, Inc. v. Bursack (*In re* Bursack), 65 F.3d 51, 34 C.B.C.2d 388 (6th Cir. 1995); Hagen v. McNallen (*In re* McNallen), 62 F.3d 619 (4th Cir. 1995); Bugna v. McArthur (*In re* Bugna), 33 F.3d 1054, 31 C.B.C.2d 927 (9th Cir. 1994); *In re* St. Laurent, 991 F.2d 672, 28 C.B.C.2d 1406 (11th Cir. 1993).

[4] 28 U.S.C. § 1738 implements the full faith and credit clause found in the Constitution. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S. Ct. 1327, 84 L. Ed. 2d 274, 1985-1 Trade Cas. (CCH) P66449 (1985); Migra v. Warren City Sch. Dist. Bd. of Education, 465 U.S. 75, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

[5] University of Tennessee v. Elliott, 478 U.S. 788, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986); Jones v. Svreck (*In re* Jones), 300 B.R. 133 (B.A.P. 1st Cir. 2003).

[6] *See In re* Raynor, 922 F.2d 1146 (4th Cir. 1991) (collateral estoppel not appropriate when debtor did not actually litigate issue of fraud, even though debtor was present at motion for relief from state court judgment); Spilman v. Harley, 656 F.2d 224 (6th Cir. 1981) (collateral estoppel should not be applied to default judgment); *In re* Ross, 602 F.2d 604 (3d Cir. 1979); Stokes v. Vierra, 185 B.R. 341 (N.D. Cal.

(Rel. 112-12/2009 Pub.219)

estoppel to a default judgment upon determining that the courts of the relevant state would grant collateral estoppel effect to the prior judgment.[7] Others have applied collateral estoppel to default judgments after determining that the debtor participated to some extent in the underlying litigation.[8] In view of the strong federal policy of assuring that the exceptions to discharge under subsections 523(a)(2), (4) and (6) not be entered based upon a default of the debtor in a nonbankruptcy court, which is evidenced by the exclusive jurisdiction given to the bankruptcy courts to decide those matters,[9] the decisions applying collateral estoppel in cases in which the debtor has not substantially participated are erroneous and should not be followed.

---

1995) (under majority rule of Restatement (Second) of Judgments, §§ 27-29, default judgment does not meet actually litigated test; default judgment for failing to comply with discovery was not actually litigated); Bay Area Factors v. Calvert (*In re* Calvert), 177 B.R. 583 (Bankr. W.D. Tenn. 1995) (collateral estoppel not applied to default judgment).

[7] *See* Evans v. Ottimo, 469 F.3d 278 (2d Cir. 2006) (applying New York law); Bay Area Factors v. Calvert (*In re* Calvert), 105 F.3d 315 (6th Cir. 1997) (applying California law); Gayden v. Nourbakhsh (*In re* Nourbakhsh), 67 F.3d 798 (9th Cir. 1995) (applying Florida law).

[8] *See* Gober v. Terra +Corp. (*In re* Gober), 100 F.3d 1195 (5th Cir. 1996) (collateral estoppel invoked based on evidence at damages hearing supporting award of punitive damages after debtor's state court answer was stricken as discovery sanction); Rally Hill Productions, Inc. v. Bursack (*In re* Bursack), 65 F.3d 51, 34 C.B.C.2d 388 (6th Cir. 1995) (collateral estoppel invoked where debtor actively participated in litigation but did not appear at the trial); Bush v. Balfour Beatty Bahamas Ltd. (*In re* Bush), 62 F.3d 1319, 34 C.B.C.2d 243 (11th Cir. 1995) (collateral estoppel invoked where *pro se* debtor engaged in discovery disputes, but allowed a default judgment to be entered against him); Garner v. Lehrer (*In re* Garner), 56 F.3d 677, 33 C.B.C.2d 1449 (5th Cir. 1995) (debtor filed answer in state court action); *In re* Daily, 47 F.3d 365, 32 C.B.C.2d 2023 (9th Cir. 1995) (collateral estoppel available where default judgment had been entered against debtor when all allegations deemed admitted because of debtor's failure to comply with discovery requests).

[9] *See* Brown v. Felsen, 442 U.S. 127, 99 S. Ct. 2205, 60 L. Ed. 2d 767, 20 C.B.C. 273 (1979) (purpose of giving exclusive jurisdiction to bankruptcy courts was to stop abuse of creditors taking advantage of debtors who could not afford counsel).

Law Office of Howard L. Hibbard
Howard L. Hibbard, Esq. SBN 80987
251 Park Road, Suite 800
Burlingame, CA 94010
Telephone: (650) 347-5010
Facsimile: (650) 347-5011

Attorney for Debtors/Defendants
Carl Wescott and Monette Stephens

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## CERTIFICATE OF SERVICE

**RE:** Chapter 7
Notice of Request for Hearing

**COURT/CASE No.:** 12-03086

I am over the age of 18 and not a party to this cause. I am employed at The Law Office of Howard L. Hibbard, 251 Park Road, Suite 800, Burlingame, CA 94010.

On the date set forth below I served the foregoing document(s) as: Request for Hearing on the following person(s) in this action, and by the following method, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

MacConaghy & Barnier
John H. MacConaghy
Jean Barnier
Monique Jewett-Brewer
645 First Street West, Suite D
Sonoma, CA 95476
Tel:707-935-3205

[X] (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the box regularly used for collection and mailing on the date shown below, at 251 Park Road, Burlingame, CA 94010.

I declare under penalty of perjury of the laws of the State of California and under the laws of the United States of America, that the foregoing is true and correct. Executed this 12th day of July, 2012

_____
Howard L. Hibbard