1  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY, SBN 83684
2  JEAN BARNIER, SBN 231683
   645 First St. West, Suite D
3  Sonoma, California 95476
   Telephone:  (707) 935-3205
4  Email:      jbarnier@macbarlaw.com

5

   Attorneys for Plaintiff,
6  JANINA M. HOSKINS, TRUSTEE IN BANKRUPTCY

7

8
                    UNITED STATES BANKRUPTCY COURT
9
                    NORTHER DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

12   In re                              )   Case No.: 12-30143 DM
                                        )   (Chapter 7)
13   CARL ALEXANDER WESCOTT AND         )
     MONETTE ROSEMARIE STEPHENS,        )   AP No. 12-03086
14                                      )
                                        )
15                                      )
         Debtors.                       )
                                        )
16   _____)   **MOTION FOR ENTRY OF DEFAULT
                                            JUDGMENT AVOIDING FRAUDULENT
17   JANINA M. HOSKINS, Trustee in      )   TRANSFERS AS AGAINST
     Bankruptcy of the Estate of CARL   )   DEFENDANTS POOK SNOOK DOOK
18   ALEXANDER WESCOTT AND              )   LIMITED PARTNERSHIP AND CARL A.
     MONETTE ROSEMARIE STEPHENS,        )   WESCOTT AND MONETTE R.
19                                      )   STEPHENS, AS TRUSTEES OF THE
         Plaintiff,                     )   WESCOTT-STEPHENS FAMILY TRUST**
20                                      )
     v.                                 )
21                                      )
     POOK SNOOK DOOK LIMITED            )
22   PARTNERSHIP, a purported limited   )
     partnership; CARL A. WESCOTT and   )
23   MONETTE R. STEPHENS, as Trustees   )
     of the WESCOTT-STEPHENS FAMILY     )
24   TRUST aka POOK SNOOK DOOK          )
     TRUST; LODMELL & LODMELL,          )
25   P.C., a Professional corporation,  )
                                        )
26       Defendants.                    )
                                        )
27   _____)

28

   8039.motion.default judgment.ap.wpd                                    PAGE 1

Plaintiff Janina M. Hoskins, Trustee in Bankruptcy of the Estate of Carl Alexander Wescott and Monette Rosemarie Stephens, hereby moves for entry of a default *Judgment Avoiding Fraudulent Transfers As Against Defendants Pook Snook Dook Limited Partnership and Carl A. Wescott and Monette R. Stephens, as Trustees of the Wescott-Stephens Family Trust aka Pook Snook Dook Trust.* Plaintiff further moves for entry of a separate judgment against these defendants, pursuant to the provisions of F.R.Civ.P. 54(b).

JURISDICTION AND VENUE

1.     On January 17, 2012, Debtors Carl Alexander Wescott and Monette Rosemarie Stephens filed their joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court (the "Main Case").  Thereafter, Janina M. Hoskins was duly appointed as Chapter 7 Trustee in Bankruptcy therein.

2.     As against Defendants Pook Snook Dook Limited Partnership and Carl A. Wescott and Monette R. Stephens, as Trustees of the Wescott-Stephens Family Trust, etc., this is a fraudulent transfer action to recover certain property transferred to those entities by the Debtors. The default judgment sought by this motion seeks return of the property itself,  not money damages for the value of that property.

3.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. Sections 1334 and 157, and the general order of reference of the U.S. District Court.  Further, by the filing of the Main Case, the Debtors Carl A. Wescott and Monette R. Stephens consented to the equitable jurisdiction of this Court on behalf of themselves and all entities which they beneficially own and control.

4.     Venue is proper here pursuant to the provisions of 28 U.S.C. Section 1409.

PLAINTIFF'S PRIMA FACIE CASE

5.     On or about September 4, 2010, a date within two years before the petition date, the Debtors voluntarily transferred various valuable assets to Defendant Pook Snook Dook Limited Partnership and/or the Wescott-Stephens Family Trust, including without limitation the assets shown in Exhibit 1 to the Declaration of Jean Barnier, set forth below.

6.     The Debtors made these transfers with the actual intent to hinder, delay or defraud

1   their then-existing and future creditors.

2         7.      The Debtors' actual fraudulent intent is inferred from the presence of a number of

3   the so-called "badges of fraud", see e.g., *In re Acequia, Inc.,* 34 F.3d 800 (9ᵗʰ Cir. 1994); *In re*

4   *Woodfield,* 978 F.2d 516 (9ᵗʰ Cir. 1992).  These include the facts that (a) Defendant Pook Snook

5   Dook Limited Partnership is wholly owned beneficially by the Debtors (Main Case Dkt. No. 140,

6   p. 6.;  Decl. Jean Barnier, Ex. 1); (b) the Debtors were being pursued by a number of creditors at

7   the time of the transfers (Main Case Dkt No. 140, pp. 57- 59); (c) the Debtors made the transfers

8   as part of an admitted "asset protection" scheme (Decl. Jean Barnier, Ex.2); (d) the Debtors were

9   rendered insolvent at the time of the transfers (Main Case Dkt. No. 26); (e) the Debtors

10  concocted various layers of shell entities to conceal their beneficial ownership in the Pook Snook

11  Dook entity, including registering a shell, defunct Nevada corporation as the general partner

12  (Main Case Dkt. No. 140, p. 6; Decl. Jean Barnier, Ex. 3), and (f) there was no apparent

13  consideration for the transfers.

14                    PLAINTIFF'S ENTITLEMENT TO DEFAULT JUDGMENT

15        8.      The Defendants Pook Snook Dook, a purported limited partnership, Carl Wescott,

16  as Trustee of the Wescott-Stephens Family Trust aka Pook Snook Dook Trust, and Monette

17  Rosemarie Stephens, as Trustee of the Wescott-Stephens Family Trust aka Pook Snook Dook

18  Trust were duly served with the Summons and Complaint in this matter, and the Clerk's Default

19  as to each  have been taken.

20        9.      This Motion does not seek judgment as to Defendant Lodmell & Lodmell, P.C.

21  However, good cause exists to enter a separate judgment against the other Defendants at this time

22  pursuant to the provisions of F.R.Civ.P. 54(b).  Plaintiff has tentatively settled all claims raised

23  in the Complaint against Lodmell & Lodmell, P.C., subject only to this Court's authorization of

24  the settlement pursuant to Rule 9019, and the settlement consideration has already been paid to

25  the Estate.  Plaintiff's 9019 Motion is on file as Main Case Dkt. No. 145.

26        10.     For the foregoing reasons, good cause exists to enter Default Judgment in favor of

27  the Plaintiff and against Defendants Pook Snook Dook, a purported limited partnership, Carl

28  Wescott, as Trustee of the Wescott-Stephens Family Trust aka Pook Snook Dook Trust, and

Monette Rosemarie Stephens, as Trustee of the Wescott-Stephens Family Trust aka Pook Snook Dook Trust, authorizing Plaintiff to avoid the transfers made to those entities and preserving these transfers for the benefit of the Estate.

Dated: July 17, 2012                                    MACCONAGHY & BARNIER, PLC


                                                        /s/ Jean Barnier
                                                        Jean Barnier
                                                        Attorneys for Plaintiff



## DECLARATION OF JEAN BARNIER

I, Jean Barnier, state:

1.      I am an attorney admitted to the bar of this Court, and am the counsel of record for Janina M. Hoskins, the duly-appointed Chapter 7 Trustee in Bankruptcy of the Estate of Carl Alexander Wescott and Monette Rosemarie Stephens, and the Plaintiff in this action.

2.      Attached to this Declaration and labeled Exhibit 1 are correct copies of organizational and transfer documents for an entity known as "Pook Snook Dook Limited Partnership", indicating that the entity was formed and owned by the Debtors.  These documents were furnished directly to my office by a creditor of the Debtors, who informed me that they were acquired in civil discovery from the Debtors.

3.      Most of the documents indicated that they were prepared by the Arizona law firm of Lodmell & Lodmell, P.C.   Attached to this declaration and labeled Exhibit 2 is a correct copy of the current web page of the firm of Lodmell & Lodmell, indicating that they are "#1 Asset Protection Attorneys. Trusted by over 3,500 clients nationwide, we are the nation's leading asset protection lawyers."

4.      The documents included in Exhibit 1, include a 4/22/11 Amendment to the Pook Snook Dook Limited Partnership Agreement substituting Ivy League Charters LLC, a Nevada LLC, as the sole general partner of Pook Snook Dook. According to the Debtors' Schedule B (Main Case Dkt. No. 140, p. 6), Ivy League Charters LLC is a Nevada LLC wholly owned by Gunvar SA, which in turn is a Uruguay corporation 100% owned by the Debtor Carl Wescott.

1    Attached to this Declaration and labeled Exhibit 3 is a correct copy of a Lexis summary of the

2    records of the Nevada Secretary of State indicating that the charter of Ivy League Charters, LLC

3    has been revoked.

4         5.       I am informed and believe that the assets transferred by the Debtors to Pook

5    Snook Dook include: (a) a promissory note from Rain Forest Capital, which was paid prior to the

6    filing of the petition for relief, in the amount of $584,00.00 which the debtors then "borrowed"

7    from Pook Snook Dook; (b) investments in the Reliant Group, which I am informed still exists

8    and has a value of approximately $200,000.00; and (c) an investment in Catamount Ventures

9    LLC, which still exists and I am informed by the managing member has a value of approximately

10   $250,000.00.

11        I declare under penalty of perjury under the laws of the United States of America that the

12   foregoing is true and correct, and that this declaration was executed on July 18, 2012 at Sonoma,

13   California.

14

15                                    /s/ Jean Barnier
                                     Jean Barnier
16                                   Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28